Filing # 60619610 E-Filed 08/18/2017 03:23:36 PM

### FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Frank Sanchez, Augustin Pino</u>
Plaintiff
       vs.
<u>SONY ELECTRONICS, INC</u>
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

| | | |
|---|---|---|
| III. | **REMEDIES SOUGHT** (check all that apply): | |
| | ☒ Monetary; | |
| | ☒ Non-monetary declaratory or injunctive relief; | |
| | ☐ Punitive | |
| IV. | **NUMBER OF CAUSES OF ACTION:** (   ) | |
| | (Specify) | |
| | <u>5</u> | |
| V. | **IS THIS CASE A CLASS ACTION LAWSUIT?** | |
| | ☐ Yes | |
| | ☒ No | |
| VI. | **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?** | |
| | ☒ No | |
| | ☐ Yes – If "yes" list all related cases by name, case number and court: | |
| VII. | **IS JURY TRIAL DEMANDED IN COMPLAINT?** | |
| | ☒ Yes | |
| | ☐ No | |

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Gary Andrew Costales</u>     FL Bar No.: <u>948829</u>
Attorney or party                                              (Bar number, if attorney)

<u>Gary Andrew Costales</u>         08/18/2017
(Type or print name)                       Date

Filing # 62013397 E-Filed 09/26/2017 02:46:22 PM

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY FLORIDA

FRANK SANCHEZ and AGUSTIN PINO,          Case No. : 17-020275-CA-01

    Plaintiff,

vs.

SONY ELECTRONICS, INC,

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant, SONY ELECTRONICS, INC, by serving its registered agent:

Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on The Law Office of Gary A. Costales, Plaintiff's attorney, whose address is 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____.
                Clerk of the Circuit/County Court

BY: _____
      Deputy Clerk                                    (Seal)

Filing # 62013397 E-Filed 09/26/2017 02:46:22 PM

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY FLORIDA

FRANK SANCHEZ and AGUSTIN PINO,   Case No. : 17-020275-CA-01

    Plaintiff,

vs.

SONY ELECTRONICS, INC,

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant, SONY ELECTRONICS, INC, by serving its registered agent:

Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on The Law Office of Gary A. Costales, Plaintiff's attorney, whose address is 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____10/2/2017_____.
    Clerk of the Circuit/County Court

BY: _____
    Deputy Clerk                           (Seal)

ling # 60619610 E-Filed 08/18/2017 03:23:36 PM

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY FLORIDA

FRANK SANCHEZ and AUGUSTIN PINO,

    Plaintiffs,

vs.

SONY ELECTRONICS, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Frank Sanchez (hereinafter "SANCHEZ" or "Plaintiffs") and Agustin Pino (hereinafter "SANCHEZ" or "Plaintiffs") sues Defendant, SONY ELECTRONICS, INC. (hereinafter "SONY"), and state as follows in support thereof:

### JURISDICTION AND VENUE

1. This action is brought to remedy unlawful discrimination in employment based on unlawful retaliation as well as breach of contract. This is an action pursuant to the Florida Civil Rights Act of 1992, Fla. Sta. Chapter 760, *et. seq* ("FCRA").

2. SANCHEZ an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

3. PINO an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

4. SONY, is a Delaware corporation conducting business in Miami-Dade County, Florida and is within the jurisdiction of this Court.

## PARTIES

5. SANCHEZ and PINO were, at all times material to this Complaint, employed by SONY, in Miami-Dade County.

6. SONY employs or has employed fifteen or more persons during all timeframes relevant to this Complaint. SONY, is an "employer" as defined by Fla. Stat. § 760.02(7).

7. This is an action that exceeds fifteen thousand dollars ($15,000), and is therefore within the general jurisdiction of this Court.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. On or about January 11, 2014, SANCHEZ filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) (Exh. A). The Florida Commission on Human Relations did not issue any determination with regard to the charge.

9. On or about January 23, 2014, PINO filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) (Exh. B). The Florida Commission on Human Relations did not issue any determination with regard to the charge.

10. More than 180-days passed after SANCHEZ and PINO filed their charges of discrimination and the Florida Commission on Human Relations never issued a determination on the charge.

11. This action has been filed in a timely fashion and all conditions precedent and administrative prerequisites have been met or have been waived.

## GENERAL ALLEGATIONS

12. PINO started working for SONY on or about July 2010.

13. SANCHEZ' last day of employment at SONY was August 21, 2013.

14. PINO's last day of employment at SONY was December 20, 2013.

15. SANCHEZ was forty-nine (49) years old when he learned of his termination.

16. PINO was fifty (50) years old when he learned of his termination.

17. SONY hired SANCHEZ as store manager in March 2011.

18. SANCHEZ was the only Hispanic store manager of any of SONY's retail stores in the State of Florida at the time of his hire. Both SANCHEZ and PINO worked in SONY's retail store then located in the Dolphin Mall, Miami, Florida.

19. SANCHEZ was the only Hispanic store manager of any of SONY's retail stores in the State of Florida at the time of his termination.

20. In or about March 2013, Sandy Olea became the District Manager over SANCHEZ' district.

21. Immediately after taking over the district, Olea scheduled a meeting to discuss the "demographics" of SANCHEZ' store. Olea asked SANCHEZ why there were so many Hispanics working at the store and instructed him to terminate an assistant manager, PINO. Olea told SANCHEZ that PINO's age and national origin did not fit in with the SONY's profile or that he did not "fit" the "image" SONY was looking for.

22. SANCHEZ refused to fire PINO. SANCHEZ believed it would have been unlawful to terminate PINO because of his age and/or national origin (Hispanic). SANCHEZ told Olea that he and PINO were both about the same age and were both Hispanic. SANCHEZ told Olea that it would be against the law and illegal to termination PINO. Olea said that she did not care, that he should fire PINO.

23. Olea later had another meeting with SANCHEZ in which she asked why he had

3

not terminated PINO. SANCHEZ again refused to terminate PINO stating that he was a great employee and again refused to terminate him.

24. Olea continued to tell SANCHEZ that there were too many Hispanics working at the store and that SONY was looking for younger, more vibrant workers.

25. SANCHEZ complained to Olea that there not too many Hispanics.

26. SANCHEZ was fired on August 21, 2013 as a result of his complaints, opposition to discriminatory practices, refusal to engage in discriminatory practices and because of his age and national origin (Hispanic).

27. SONY replaced SANCHEZ with a non-Hispanic female who was at least ten (10) years younger than SANCHEZ, Natalie Rambo, who had been transferred from Las Vegas or San Diego.

28. SONY then replaced many of the Hispanic workers at the store with non-Hispanic workers, most of whom were also at least ten years younger than their predecessors.

29. PINO was replaced by another worker who was in his twenties.

30. Olea criticized PINO, SANCHEZ and other Spanish-speaking employees for speaking Spanish in the workplace. Olea, who does not speak Spanish herself, also prohibited employees from speaking Spanish even while on break.

## COUNT I

### Violation of Florida Civil Rights Act (Sanchez)
### Age Discrimination

31. SANCHEZ re-alleges and adopts as if fully set forth in Count One the allegations of paragraphs 1 through 30.

32. SONY, acting through its agent(s) was motivated in the unequal treatment of

SANCHEZ by SANCHEZ's age when SONY terminated SANCHEZ from his position in violation of Fla. Stat. § 760.10(1)(a).

33. The actions of SONY as alleged herein were intentional.

34. The actions of SONY as alleged herein were taken with malice or with a reckless disregard of SANCHEZ' civil rights.

## COUNT II

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT (SANCHEZ)
### NATIONAL ORIGIN DISCRIMINATION

35. SANCHEZ re-alleges and adopts as if fully set forth in Count Two the allegations of paragraphs 1 through 30.

36. SONY, acting through its agent(s) was motivated in the unequal treatment of SANCHEZ by SANCHEZ's national origin (Hispanic) when SONY terminated SANCHEZ from his position in violation of Fla. Stat. § 760.10(1)(a).

37. The actions of SONY as alleged herein were intentional.

38. The actions of SONY as alleged herein were taken with malice or with a reckless disregard of SANCHEZ' civil rights.

## COUNT III

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT (SANCHEZ)
### RETALIATION

39. SANCHEZ re-alleges and adopts as if fully set forth in Count Three the allegations of paragraphs 1 through 30.

40. SONY, acting through its agent(s) was motivated in the unequal treatment of SANCHEZ by SANCHEZ's protected activity when SONY terminated SANCHEZ from his position in violation of Fla. Stat. § 760.10(7).

41. The actions of SONY as alleged herein were intentional.

42. The actions of SONY as alleged herein were taken with malice or with a reckless disregard of SANCHEZ civil rights.

## COUNT IV

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT (PINO)
### AGE DISCRIMINATION

43. PINO re-alleges and adopts as if fully set forth in Count Four the allegations of paragraphs 1 through 30.

44. SONY, acting through its agent(s) was motivated in the unequal treatment of PINO by PINO's age when SONY terminated PINO from his position in violation of Fla. Stat. § 760.10(1)(a).

45. The actions of SONY as alleged herein were intentional.

46. The actions of SONY as alleged herein were taken with malice or with a reckless disregard of PINO's civil rights.

## COUNT V

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT (PINO)
### NATIONAL ORIGIN DISCRIMINATION

47. PINO re-alleges and adopts as if fully set forth in Count Five the allegations of paragraphs 1 through 30.

48. SONY, acting through its agent(s) was motivated in the unequal treatment of PINO by PINO's national origin (Hispanic) when SONY terminated PINO from his position in violation of Fla. Stat. § 760.10(1)(a).

49. The actions of SONY as alleged herein were intentional.

50. The actions of SONY as alleged herein were taken with malice or with a reckless disregard of PINO's civil rights.

WHEREFORE, SANCHEZ and PINO ask this Court to grant the following relief:

a. Issue a declaratory judgment finding that SONY conduct toward SANCHEZ and PINO violated the Florida Civil Rights Act;

b. Enjoin and restrain SONY and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of SANCHEZ and PINO and against SONY together with prejudgment interest from the date of the violation, if available;

d. Enter judgment in favor of SANCHEZ and PINO and against SONY for compensatory (pain and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

e. Award SANCHEZ and PINO a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of SANCHEZ and PINO's rights, to prevent reoccurrence of similar acts in the future and to protect SONY other employees from such unlawful behavior.

## JURY DEMAND

SANCHEZ and PINO demand trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)

/s Gary A. Costales

Gary A. Costales, Esq.
Florida Bar No. 0948829